**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-08103-001-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Louis Salcido, | |
| Defendant. | |

The Court recently received a handwritten *ex parte* and *pro se* letter from Defendant, Jorge Louis Salcido. (Doc. 45.) The letter is barely legible. The Court can comprehend that Mr. Salcido asks the Court to sign a pretrial release form. The letter states, in part, that Mr. Salcido intends to prove his innocence and that "[t]he Constitution doesn't say you can keep someone in custody till trial or you can keep a[n] individual till they paid money to be set free." (*Id.* at 1.) The letter also appears to ask for pretrial release so that the defendant can have surgery on his knees. The Court construed the letter as a *pro se* motion for pretrial release, and invited comment from Defense Counsel and from the United States.

The United States opposes any changes to Mr. Salcido's custody status. Its brief provides a summary timeline of Ms. Salcido's criminal history dating back to 1977. (Doc. 47.) This criminal history includes several convictions, arrests, and charges relating to unlawful sexual acts with minors. The United States also summarizes the alleged unlawful acts in this case, which date back to 2007 and involve many children. The United States

also provides detailed reasoning why Mr. Salcido is a flight risk and poses a danger to the community if he were released.

Mr. Salcido's counsel submitted a brief agreeing with the principle that the Constitution does not forbid pretrial confinement. (Doc. 48.) Counsel does, however, ask "the Court to review Mr. Salcido's conditions of release with an eye towards shaping some conditions which would satisfy the government's interest in continuing their prosecution and protecting the community." (*Id*. at 2.) Counsel addresses Mr. Salcido's claimed health issues concerning his knees as one reason to do so. Counsel also generally cites the present COVID-19 pandemic as "yet another reason to fashion some conditions of release which will remove Mr. Salcido from the detained population, protecting his health so that he can stand trial on the current charges." (*Id*.)

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*., authorizes a federal court to order a defendant detained, as opposed to setting pretrial release conditions, where the government establishes "by clear and convincing evidence that no condition or combination of conditions of release [will] ensure the safety of the community or any person." *United States v. Salerno*, 481 U.S. 739, 743-44 (1987). In *Salerno*, the United States Supreme Court upheld the constitutionality of the Bail Reform Act. Here, a Magistrate Judge conducting a detention hearing found, by clear and convincing evidence, that Mr. Salcido poses a danger to the community that requires his pretrial detention. (Doc. 15.) The Magistrate Judge also found, by a preponderance of the evidence, that Mr. Salcido poses a serious flight risk that requires his pretrial detention. (*Id*.)

The Defendant's *pro se* letter presents no reason to revisit the Magistrate Judge's findings and the detention order. His constitutional objection lacks merit and he has not provided any justification for his request to obtain medical care that the prison system cannot provide. The Court therefore rejects Mr. Salcido's request for pretrial release.

The Court likewise rejects Defense Counsel's request to revisit the detention order. Counsel has not provided any facts specific to Mr. Salcido or his detention facility for why the Court should consider the COVID-19 pandemic as a reason for imposing release

conditions.

Accordingly,

**IT IS ORDERED** that Defendant's *pro se* request for pretrial release (Doc. 45) is denied.

**IT IS FURTHER ORDERED** that Defense Counsel's request to revisit conditions of pretrial release (Doc. 48) is denied.

Dated this 14th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge