**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-08103-001-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Louis Salcido, | |
| Defendant. | |

Defendant entered a plea of guilty and, on March 24, 2023, he was convicted of abusive sexual contact of a child, a crime on an Indian reservation, in violation of 18 U.S.C. §§ 1152, 2244(a)(5), and 2246. Pursuant to a stipulation in the plea agreement, Defendant was sentenced to 120 months in custody.

Defendant now moves for a reduction of his sentence. (Doc. 160.) The motion will be denied.

The motion does not state the legal basis for Defendant's sentence reduction. Federal Rule of Criminal Procedure 47(b) mandates that "[a] motion must state the grounds on which it is based and the relief or order sought." Because the motion does not state the legal grounds, the Court cannot properly evaluate it on the merits.

In its response, the United States guesses that Defendant may seek a sentence reduction for compassionate release under the First Step Act amendments. *See* 18 U.S.C. § 3582(c). If this is so, the United States correctly observes that Defendant fails to satisfy his burden of eligibility for a First Step Act reduction. *See United States v. Wright*, 46 F.4th

1  938, 945 (9th Cir. 2022).

2  Even so, the Court finds that Defendant has failed to show that a sentence reduction is supported by the § 3553(a) sentencing objectives. The Court has considered all the sentencing objectives as they relate to the arguments Defendant makes in his motion. The Court finds that not a single objective supports granting relief. Indeed, the Court finds that, after considering the offense conduct, the sentencing objectives related to respect for the rule of law, just punishment, specific and general deterrence, protecting public safety, and avoiding unwarranted sentencing disparities would be undermined by a reduction.

Defendant's sentence reflects a substantial variance from the final advisory United States Sentencing Guideline range. As the United States submits, this reduction reflected Defendant's age and medical condition, both of which were addressed by the parties and considered by the Court at the time of sentencing.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 160) is **DENIED**.

Dated this 5th day of August, 2025.

Michael T. Liburdi
United States District Judge